# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GORDON CHARLES,**
**# 21015463,**

    **Plaintiff,**

**vs.**                                          **Case No.  4:21cv302-RH-MAF**

**MICHELLE MORANCY, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a document to this Court which was deemed to be a civil rights complaint, ECF No. 1, although it was deficient in several ways.  Because Plaintiff did not pay the filing fee or file an in forma pauperis motion, an Order was entered on July 22, 2021, directing Plaintiff to do one or the other if he wanted to proceed with this case.  ECF No. 3.  Additionally, Plaintiff was required to file an amended complaint on the Court form as required.  *Id.*

In early August 2021, that Order was returned to the Court as undeliverable.  ECF No. 4.  After review, the Court was able to determine

another possible address for Plaintiff and the Clerk of Court was directed to re-mail the prior Order to Plaintiff.  ECF No. 5.  Plaintiff was then given until August 30, 2021, to comply with the prior Order or, "at the very least, to request an extension of time in which to comply."  ECF No. 5 at 2.  As of this date, nothing further has been received from Plaintiff, despite the warning that a recommendation would be made to dismiss this case if he did not comply by the deadline provided.  Because there has been no additional mail return filed in this case, it is also assumed that Plaintiff received the Order and has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order.  See Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015).  The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337

(11th Cir. 2005)); see also N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  Because Plaintiff has failed to prosecute this case and comply with a Court Order, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on September 14, 2021.

    S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:21cv302-RH-MAF